[No. 38753.    Department One.    December 8, 1967.]

BRUCE BROWN *et al., Appellants*, v. LEONARD FREDERICK *et al., Respondents.**

*J. Lael Simmons,* for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann, Willard E. Skeel,* and *Lawrence E. Therriault,* for respondents.

PER CURIAM.—This case involves a dispute over the ownership of a strip of land described as:

The south 100 feet of the north 640 feet of the east half of the northeast quarter of the northwest quarter of Section 10, Township 24 North, Range 6 E.W.M. (subject to a certain easement) King County, Washington.

Plaintiff Brown commenced this action upon the theory of adverse possession; but at trial, the theory was abandoned and the trial proceeded upon the revised theory of "mutual mistake" allegedly made in the legal description.

Plaintiff Brown was the owner of the north 906 feet of the tract. By real estate contract dated March 11, 1958, recorded in the office of the county auditor, he sold the south 266 feet of the north 906 feet of the tract to Eugene W. Bailey.

By real estate contract dated November 10, 1959, recorded in the office of the county auditor November 17, 1959, plaintiff Brown sold the north 640 feet of the tract to Walter E. Curnutt. Thus, the two contracts disposed of plaintiff's interest in the north 906 feet of the tract.

By warranty deed dated May 26, 1961, recorded June 22, 1961, Walter E. Curnutt deeded the north 640 feet of the tract to defendant Frederick. Curnutt had received title from plaintiff Brown to the north 640 feet by a deed dated June 13, 1961.

*Reported in 434 P.2d 738.

The following transpired between plaintiff Brown and Bailey, relative to the 266 feet of the tract purchased by Bailey. January 17, 1959 (the findings of fact identify the date as 1958), a correction contract was executed which described the property as the south 266 feet of the north 806 (not 906) feet of the tract. Thus, the tract purchased by Bailey was moved 100 feet north and encroached upon the 640 feet purchased by Curnutt and sold to defendant Frederick.

May 14, 1963, in order to implement a forfeiture, Bailey quitclaimed the south 266 feet of the north 806 feet to plaintiff Brown. The correction contract and the quitclaim deed were not recorded in the county auditor's office until July 3, 1963, more than 2 years after defendant Frederick had recorded his deed.

Although plaintiff Brown makes the cogent argument of "mutual mistake," especially between him and Bailey, we find the record sufficient to support the findings of the trier of the facts that defendant Frederick (a) had no notice, actual or constructive, of any claim by plaintiff Brown to the 100 foot strip and (b) was a bona fide purchaser for value, without notice of any adverse claim thereto, and is entitled to the benefit of RCW 65.08.070, which provides:

> *Real property conveyances to be recorded.* A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record.

The judgment is affirmed.